(48 Misc. Rep. 404.)

### GOODMAN v. REINOWITZ.

(Supreme Court, Appellate Term. October 27, 1905.)

1. EVIDENCE—PAROL—CONTRADICTION OF CONTRACT.

An admission in a contract in favor of a third person, but forming no part of the contract, may be contradicted by parol.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 1966–1968.]

Appeal from City Court of New York.

Action by Tobias Goodman, doing business as the Goodman Realty Company, against Charlotte Reinowitz. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Paul Hellinger, for appellant.

Feltenstein & Rosenstein, for respondent.

FITZGERALD, J. Plaintiff, a real estate broker, was employed by defendant to effect the sale of certain premises in the borough of the Bronx. The evidence of his employment presented upon the trial was a written authorization containing a promise to pay the usual commission. A proposed purchaser was procured through his efforts, and after some preliminary negotiations, the following paper was drawn up and signed:—

"Received from Mr. Jacob L. Lissner, the sum of one hundred dollars ($100), as part payment of purchase price on house and lot known as 3905 and 3907 Third avenue, borough of Bronx, city of New York. Purchase price, $59,000, subject to the following conditions: First mortgage of $32,500, at 4½%, about three years to run; a second mortgage of $13,500, at 6%, also three years to run; subject to a third mortgage of $1,000, or purchase-money mortgage, due Oct. 1, 1905, at 6% per annum. The balance in cash, of which $1,900 more is to be paid upon the signing of contract, on Tuesday, the 25th inst., at the office of Davis & Kaufman, 49 Chambers street, at 11 a. m. Title to be taken on or before June 1, 1905. The Goodman Realty Co. are the brokers in this transaction, and are entitled to three hundred dollars ($300) commission.
　　　　　　　　　　　　　　"Charlotte Reinowitz,
　　　　　　　　　　　　　　　　"Per M. L. Sack, Atty. in Fact.
　　　　　　　　　　"Jacob L. Lissner."

The transaction for some unexplained reason was not consummated, the formal contract of purchase and sale was never executed, and it was admitted by vendee that the payment of $100 referred to in the receipt was made by check, the payment of which was stopped, and the check has never been paid. The agreement to pay plaintiff's commissions was also in writing, and this promise (contained in the authorization given him at the time of his employment) was "to pay the usual commission." No direct evidence was given upon the trial as to what the usual commissions of real estate brokers are, but there is testimony from which it may be reasonably inferred that the ordinary commissions in such cases are 1 per cent. on the agreed price, which in this instance was $59,000. Some conversation was had about commission at the time of the execution of the tentative agreement, and the insertion therein of

the words "three hundred dollars" points very strongly to some fresh understanding between the parties to this suit upon the subject.

Assuming, then, that the tentative writing relied upon as proof of the sale of the property sufficiently recites all of the terms necessarily to be expressed in the contemplated formal instrument, and that it is mutually binding between the parties thereto, the plaintiff was not one of those parties. All that can be claimed for it, in so far as he is concerned, is that it is an admission that his compensation is fixed at the sum of $300. It may well be that some arrangement was arrived at by which, in addition to the reduction of the amount which otherwise might be claimed, it was also the understanding that payment was conditional upon the execution of the formal contract. Such was the manifest tendency of the evidence sought to be brought out by the excluded questions, the objections to which were sustained upon the ground that parol evidence was not admissible to vary a writing. The proposed evidence did not constitute an attempt to contradict or vary the writing, its effect at most was only to explain an admission therein in favor of a third party. "A statement of fact contained in a contract, but forming no part of the contract, may be contradicted by parol evidence." Cyc. Law and Procedure, vol. 17, p. 708.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.